Mr. Justice Thacher
delivered the opinion of the court.
This is an action instituted for the use of the assignees of the United States Bank of Pennsylvania, by Frazier, an indorsee of a bill of exchange, against Thomas B. and William P. Warfield, the acceptors. The bill is drawn by N. & E. Ford & Co. upon Riddle, Forsyth and Atterbury. The evidence shows that it was placed in the hands of the payees by the drawers as collateral security for liabilities incurred for them. The payees indorsed the bill before its maturity, to the United States Bank of Pennsylvania as security for a note which they procured to be discounted. The bill is drawn at New Orleans, and directed to the acceptor's at Lexington, Kentucky, and by them accepted generally. It was permitted to be proved, that the acceptors were citizens and residents of Mississippi at the time of the acceptance, although one of them was on a visit to Kentucky, but not the one in whose handwriting the acceptance wasmade. The firm of the drawers was established in New Orleans, but one of the partners resided in Mississippi. It was likewise proved and admitted by the defendants, that in Louisiana and Kentucky, bills of exchange are governed in their negotiability exclusively by the rules of the common law merchant. After the pledge of the bill to the United States Bank of Pennsylvania, the drawers liquidated all the liabilities, for the payment of which the bill was originally pledged to the payees. The acceptors defended upon the ground that the bill belonged to the drawers and not to the indorsee, the plaintiff. The jury found for the defendants, and, as could only have been, from the evidence permitted to be introduced as to the actual residence of the acceptors in Mississippi, and the charge of the court as to the modification of the common law merchant in this state, by which the defence employed was supposed to have been let in.
The chief inquiry is, as was made on the trial, in regard to the place where the contract of the acceptors was to have been performed, because their liability is controlled by that circumstance. The place of payment for a drawee is his place of residence, or the place to which it is addressed to him, unless a *229 particular place of payment is stated in the bill. Story on Bills, 47. The bill in this case was addressed to the drawees at Lexington, Kentucky, and neither the bill nor the acceptance exhibit that any other place of payment was designed. The place of the address on the bill was, therefore, adopted by the acceptors, and made the place of payment. This was then the written contract of the acceptors, and binding on them. The contract was to pay in Lexington, Kentucky. It was admitted, that the laws of Kentucky do not allow such a defence as was urged in the circumstances of this case, and consequently as the defence prevailed, it follows that the finding of the jury was erroneous, and that a new trial should have been granted. The instructions of the court, as general principles governing the law merchant, might have been correct, but they emanated, from evidence improperly admitted, and therefore had an improper influence upon the jury.
The judgment must therefore be reversed, and a new trial awarded.